**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### ENTRY REGARDING MOTION
======================================================================

**Town of Huntington v. Gregory Harriman and Rolinda Goodrich**     **Docket No. 27-2-11 Vtec**
**(Municipal enforcement)**

Title: Motion for Partial Summary Judgment (Filing No. 3)
Filed: October 7, 2011
Filed By: Plaintiff Town of Huntington


  _X_ Granted           ___ Denied           ___ Other

The Town of Huntington ("the Town") seeks partial summary judgment on the question of whether Gregory Harriman and Rolinda Goodrich ("Defendants") have violated conditions of a variance approval previously issued to them by the Town of Huntington Zoning Board of Adjustment ("the ZBA") and undertaken land development without a valid zoning permit. The Town asks that the Court issue partial summary judgment in its favor and set a hearing to determine the appropriate relief. The Town's motion is unopposed by Defendants.

Under Rule 56(c)(2) of the Vermont Rules of Civil Procedure, a party seeking summary judgment must provide a statement of material facts that it alleges are undisputed. The Court is directed to treat each fact alleged therein as "admitted unless controverted" by a statement filed by the opposing party that identifies the facts it disputes. V.R.C.P. Rule 56(c)(2); <u>Webb v. Leclair</u>, 2007 VT 65, ¶¶ 2, 6, 182 Vt. 559 (mem.). We will grant summary judgment if the moving party shows, with "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2)," that "there is no genuine issue as to any material fact" and that the party is "entitled to judgment as a matter of law." V.R.C.P. 56(c)(3); see V.R.E.C.P. 3; <u>Travelers Ins. Cos. v. Demarle, Inc. USA</u>, 2005 VT 53, ¶ 3, 178 Vt. 580 ("The moving party has the burden of proof . . . ."). In other words, even when a summary judgment motion is unopposed, the moving party is still responsible for making these two showings before the Court can rule in its favor.

Here, the Town's motion is unopposed. Defendants have not filed a memorandum in opposition nor have they submitted a statement disputing any factual allegations made by the Town in its statement of undisputed facts. Because this is a municipal enforcement action for violation of the conditions attached to a variance approval and for unpermitted development in violation of the Town's bylaws, the Town would bear the burden of proving at trial that Defendants have committed an enforceable violation. Therefore, we treat the Town's factual allegations as admitted and ask whether it has made sufficient allegations to show that it is entitled to judgment as a matter of law on the question of whether Defendants have committed an enforceable violation.

The Town's memorandum, statement of undisputed facts, and the affidavit from the Town's Zoning Administrator ("the ZA") referenced therein, clearly support the legal

conclusion that Defendants have violated the conditions attached to their variance approval and have necessarily undertaken land development without a valid zoning permit. The Town alleges that the ZBA granted a variance to Defendants on September 4, 2010 from setback requirements for four structures already existing on Defendants' property. The Town states that the ZBA also attached conditions to the variance approval requiring Defendants, within a specified timeframe, to remove two other non-conforming structures on their property and to install and maintain a six-foot stockade fence along their property boundary. The Town further alleges that Defendants have not performed these actions within the timeframe required by the ZBA and have, as a consequence, violated the conditions of their variance approval and undertaken land development without a valid zoning permit. All of these allegations are supported by the ZA's affidavit the Town has provided and referenced in its statement of undisputed facts.

The Town has shown the Court that, as a matter of law, Defendants have violated the conditions attached to their variance approval and have also undertaken land development without a valid zoning permit. Therefore, we **GRANT** the Town's motion for summary judgment, concluding that Defendants have committed an enforceable violation under the provisions of 24 V.S.A. § 4451 and § 4454.[1]

The only issue remaining in this enforcement action is, therefore, a determination of the appropriate remedies and fines, if any, under 24 V.S.A. § 4451. The Town and Defendants are ordered to notify the Court, in writing, by **Friday, January 13, 2012** of their unavailable dates in the months of February and March, 2012, for a one-day trial at the Costello Courthouse in Burlington, Vermont for the purposes of addressing this question. The Court will thereafter notify the parties of the trial date.

_____          _____December 27, 2011_____
Thomas S. Durkin, Judge                                              Date

==============================================================================
Date copies sent to: _____                          Clerk's Initials _____
Copies sent to:
    James F. Carroll, Attorney for Plaintiff Town of Huntington
    Defendant Gregory Harriman, pro se
    Defendant Rolinda Goodrich, pro se

---

[1] We direct the Town to submit certified documentation to the Court, within 10 business days of this Entry Order, evidencing that it has recorded the subject variance approval, or a notice thereof, in the Town of Huntington Land Records in compliance with 10 V.S.A. § 4454(b).